UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMARCUS MORTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1047-JD-JEM |
| OLMSTEAD, | |
| Defendant. | |

OPINION AND ORDER

Demarcus Morton, a prisoner without a lawyer housed at the St. Joseph County Jail, filed a somewhat vague complaint against Warden Olmstead asserting a variety of alleged wrongs stemming from a lockdown. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Morton alleges that the jail was on lockdown from November 14, 2023, through November 27, 2023, when he filed his complaint. The lockdown was implemented because an inmate tried to escape and another inmate made threats. He complains about a variety of conditions during the lockdown and indicates he wishes to bring a class action lawsuit.

As an initial matter, it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted).

Turning to Morton's individual allegations, he asserts that, during the lockdown, he was allowed out of his cell one hour per day. He further alleges that, due to the lockdown and dirty ventilation system, he became sick. He does not offer any details regarding the nature of his illness. Elsewhere he mentions that he had a staff infection, but it is unclear if he attributes this to the dirty ventilation system. He further alleges that, during the lockdown, the showers were not cleaned. There were worms and bugs in the shower area. The housing area smelled of feces because the toilets could only be flushed twice an hour, and staff rarely reset the toilets so they could be flushed more often. He alleges that the uncleanliness of the facility violates the rights of Muslim inmates, but he does not allege that he is Muslim. Morton contends that these conditions amount to punishment.

Because Morton is a pre-trial detainee, his claim must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding

2

pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39).

Here, Morton concedes that the lockdown was instituted in response to security concerns. It is not arbitrary or purposeless to institute a lockdown following an escape attempt and threats. This lockdown had lasted less than two weeks when Morton filed his complaint. Furthermore, Morton does not allege that Warden Olmstead had any knowledge of the condition of the ventilation system, showers, or toilets in his housing unit. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012).

Morton is also upset that the jail permits inmates to make phone calls on their tablets, but charges a fee for those calls. Inmates who do not have funds do not enjoy that privilege. While Morton may believe that phone calls on the tablets should be free of charge, it is not unconstitutional to charge an inmate for this service. Morton does not indicate that he has been unable to make calls.

When inmates buy games and movies on their tablets, they are sometimes unable to enjoy their purchases because the wi-fi will be turned off. He considers this theft. Morton does not allege that this has happened to him, but even if it has, this does not implicate constitutional concerns.

Morton is upset that a paralegal that assists him cannot visit him during the lockdown. He is pursuing a claim elsewhere that he is wrongfully imprisoned, and the lockdown has made it difficult to litigate that case. A brief lockdown in response to a security concern does not violate Morton's rights, even if it prevents him from communicating with a paralegal who is assisting him with his litigation. Morton has not described any prejudice to his litigation from his inability to visit with the paralegal. It is unclear if this individual is an inmate in the facility or someone else, but either way, the jail can set reasonable limits on when and how communication occurs without violating the Constitution.

This complaint does not state a claim for which relief can be granted. If Morton believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

4

For these reasons, the court:

(1) GRANTS Demarcus Morton until **March 6, 2024**, to file an amended complaint; and

(2) CAUTIONS Demarcus Morton that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 7, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT